# NATIONAL SURETY COMPANY v. POATES.*

---

ATTACHMENT AND GARNISHMENT; UNDERTAKING; PRINCIPAL AND SURETY; ESTOPPEL; JUDGMENTS.

1. A motion by the surety on an undertaking given by the defendant under sec. 454, D. C. Code (31 Stat. at L. 1261, chap. 854), to secure the release of attached property, and by the terms of which the surety submits to the jurisdiction of the court and agrees to perform the judgment of the court in relation to the property, to quash the attachment on the ground that the affidavits therefor were defective, in that they failed to state, as required by sec. 445, D. C. Code (31 Stat. at L. 1258, chap. 854), that the defendant had "estate or debts owing to said defendant in said District," is properly overruled. Such an undertaking has the effect of dissolving the attachment, and

---

*Attachment.—For authorities passing upon the right of obligors in bond for release of attached property to attack attachment, see note to *Moffitt* v. *Garrett,* 32 L.R.A. (N.S.) 401.

the surety is thereafter estopped, except upon a showing of fraud, to set up mere irregularities in the attachment. (Citing *United States Surety Co.* v. *American Fruit Product Co.* 40 App. D. C. 239.)

2. In entering a judgment against the principal and surety on an undertaking given by the defendant under sec. 454, D. C. Code, to secure the release of attached property, it is not necessary to provide in the judgment that it should be released in event of the delivery by the principal or surety to the marshal of the property attached within a prescribed time. (Citing *United States Surety Co.* v. *American Fruit Product Co.* supra.)

No. 2715. Submitted January 4, 1915. Decided March 29, 1915.

HEARING on an appeal by the surety on an undertaking given to secure the release of attached property, from a judgment of the Supreme Court of the District of Columbia entered for the plaintiff after a motion by the surety to quash the attachment, on the ground that the affidavits in support of the writ were defective, had been overruled.　　　　　　*Affirmed.*

The COURT in the opinion stated the facts as follows:

On the 10th of January, 1907, the appellee, Leonard L. Poates, caused to be issued a writ of attachment against the National Correspondence Institute, a nonresident corporation, and on the same day the marshal served and made return of the writ. He levied on certain personal property of the defendant in the District, which was appraised at $1,352.75, and upon credits of the defendant in the hands of the Second National Bank of the city amounting to $125.99. On January 11th said defendant filed an "undertaking to release property attached," the appellant surety company joining therein, as surety.[1] The undertaking reads as follows:

"The defendant, and the National Surety Company, surety, in consideration of the discharge from the custody of the marshal of the property seized by him upon the attachment sued out against the defendant, on the 10th day of January, A. D. nine-

---

[1] See D. C. Code, sec. 454 [31 Stat. at L. 1261, chap. 854].

teen hundred and seven, in the above-entitled cause, appear, and, submitting to the jurisdiction of the court, hereby undertake, for themselves and each of them, their and each of their heirs, executors, and administrators, successors or assigns, to abide by and perform the judgment of the court in the premises in relation to said property, which judgment may be rendered against all the parties as hereto subscribed."

On January 17th, 1907, this undertaking was approved by the court, and it was "ordered that the marshal release from his custody and that of the garnishee herein, the property and credits levied upon in pursuance of said writ of attachment." Thereafter, on March 14, 1914, the plaintiff, appellee here, filed a motion for judgment on the verdict theretofore returned. On March 27th, following, or more than seven years after the attachment, the appellant surety company filed a motion to quash the attachment "on the ground that the affidavits for the said attachment are and each of them is defective in that it is not stated in them or either of them as required by sec. 445 of the Code [31 Stat. at L. 1258, chap. 854], that the defendant 'has estate or debts owing to said defendant in said District.' " This motion was overruled, and, it appearing that the value of the property released was slightly in excess of the amount found due the plaintiff by the jury, judgment was rendered for the plaintiff against the surety company for that sum with interest, the judgment to be released upon the delivery by the surety company or the defendant of the chattels levied upon and released, and a sum of money equivalent to the amount of the credits garnisheed and released, provided such delivery should be made within ten days from the entry of judgment.


*Mr. Bynum E. Hinton* for the appellant.


*Mr. George Francis Williams* and *Mr. William C. Prentiss.* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Section 445 of the Code provides that if the plaintiff, "either at the commencement of the action or pending the same, shall file an affidavit, supported by the testimony of one or more witnesses, showing the grounds of his claim  *  *  *  and also stating either, first, that the defendant is a foreign corporation or is not a resident of the District, or has been absent therefrom for at least six months, and has estate or debts owing to said defendant in said District; or, second, that the defendant evades the service of ordinary process by concealing himself or temporarily withdrawing himself from the District," etc. The section concludes with a proviso that the plaintiff shall first file in the clerk's office a sufficient bond in twice the amount of his claim, conditioned to make good to the defendant all interest and damages which he may sustain by reason of the wrongful suing out of the attachment.

The necessary effect of the bond in question was the dissolution of the attachment. It was in no sense a delivery bond. See sec. 454 of the Code. In *United States Surety Co.* v. *American Fruit Product Co.* 40 App. D. C. 239, we had under consideration a bond like the one here involved. Mr. Justice Van Orsdel, speaking for the court, observed that the surety's "only relation to the original suit was through its contract to abide by and perform the judgment that should be rendered against defendant." He further observed: "An attachment or appeal bond is a contract. Where the surety, by express agreement in the bond, as in this case, agrees to submit to the jurisdiction of the court, and abide by and perform the judgment of the court, it is equivalent to a waiver of process and submission to the jurisdiction of the court." In *Pacific Nat. Bank* v. *Mixter*, 124 U. S. 721, 728, 31 L. ed. 567, 571, 8 Sup. Ct. Rep. 718, it was ruled that the sureties on a bond, given to release goods attached and obligating the parties to pay any final judgment which might be rendered, "are estopped from setting up, as a defense to an action for a breach of its condition, any irregularities in the form of proceeding to obtain an attachment authorized by law which would

warrant its discharge upon a proper application made therefor.
As the purpose of the bond is to dissolve an attachment, its due
execution implies a waiver both by the defendant and his sure-
ties of all mere irregularities."

At most, the failure of the affidavit preceding the attachment
to set forth the fact that the defendant in the attachment pro-
ceeding had estate or debts owing to him in this District ren-
dered the attachment voidable, had it been seasonably attacked
by the defendant. *Cooper* v. *Reynolds,* 10 Wall. 308, 19 L. ed.
931; *W. B. Moses & Sons* v. *Hayes,* 36 App. D. C. 194. Hav-
ing entered into this contract, the effect of which, as we have
already said, was to dissolve the attachment, the surety was
thereafter estopped, except upon a showing of fraud, to set up
such a defense as is here interposed. The provision that the
judgment should be released in the event of the delivery by the
surety or the defendant to the marshal of the chattels levied up-
on and released was unnecessary. Code, sec. 455 [31 Stat. at
L. 1261, chap. 854]; *United States Surety Co.* v. *American
Fruit Product Co. supra.* Such a provision is necessary only
where a delivery or forthcoming bond is given.

Judgment affirmed, with costs.                    *Affirmed.*